DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Technical Construction Specialties, Inc. ("TCS"), appeals from the judgment of the Cuyahoga Falls Municipal Court which rendered a verdict in favor of appellee, John Grace. We affirm.
 {¶ 2} On July 13, 2000, TCS and Mr. Grace entered into a written contract to re-surface Mr. Grace's cement patio. Due to his dissatisfaction with TCS's work, Mr. Grace refused to pay the contract price. On April 12, 2002, TCS filed a complaint against Mr. Grace in the small claims division of the Cuyahoga Falls Municipal Court. On June 20, 2002, a magistrate issued a decision in favor of TCS. Mr. Grace filed an objection to the magistrate's decision, which was granted. A second trial was held before a trial court judge on September 23, 2002. The trial court judge found that TCS had not met its burden of proof and ruled in favor of Mr. Grace. It is from this order that TCS timely appeals.
 {¶ 3} TCS asserts three assignments of error. We will address the assignments of error together for ease of review.
 First Assignment of Error
"The trial court erred in finding that defendant received no benefit from the services rendered by plaintiff[.]"
 Second Assignment of Error
"The trial court erred in finding that plaintiff failed to prove its case beyond a preponderance of the evidence."
 Third Assignment of Error
"The trial court erred in failing to find that plaintiff accepted any non-conforming services rendered by plaintiff."
 {¶ 4} In its assignments of error, TCS asserts that the trial court erred as follows: (1) in finding that Mr. Grace received no benefit from TCS's service; (2) in finding that TCS failed to prove its case by a preponderance of the evidence; and (3) in failing to find that Mr. Grace accepted any non-conforming services rendered by TCS. We disagree.
 {¶ 5} We construe TCS's assignments of error as challenging the manifest weight of the evidence. An appellate court applies the same standard of review when determining whether a criminal or civil judgment is against the manifest weight of the evidence. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286.
"[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of the appellant. Id.
 {¶ 6} In order to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a binding contract; (2) that the plaintiff performed its contractual obligations; (3) that the defendant failed to fulfill its contractual obligations without legal excuse; and (4) that the plaintiff suffered damages as a result of the breach.SS Pallet Co., Inc. v. Delta Asphalt Co., Inc. (Apr. 11, 2001), 9th Dist. No. 20170, citing Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108. "In a civil case, a plaintiff is to prove his case by a preponderance of the evidence." Renaissance Technologies, Inc.v. Speaker Components, Inc., 9th Dist. No. 21183, 2003-Ohio-98, at ¶ 15, citing Lewistown Foundry Machine Co. v. Hartford StoneCo. (1915), 92 Ohio St. 76, paragraph two of the syllabus.
 {¶ 7} Don Drumm, III., an employee of TCS, testified at trial that the scope of the contract was to "chase and fill all cracks or spalling areas, pressure wash the surface to ensure proper bonding, apply the Matrix with a non-skid finish, that's our resurfacer, and seal the new surface * * * with an acrylic sealer." He further testified that he spoke with Mr. Grace regarding leveling problems. Mr. Drumm testified that once the sealer is in place, the floor cannot be changed without re-doing the entire floor. Mr. Drumm testified that, other than the leveling, he did not receive any complaints prior to putting down the sealer. Mr. Drumm further testified that a week after the sealer was put in place, he met with Mr. Grace regarding Mr. Grace's complaints about the roughness of the floor.
 {¶ 8} Edward Sheeler, president of TCS, testified that TCS did a good job re-surfacing the patio. He also testified that Shirley Ross, Mr. Grace's wife, had contacted him regarding a leveling problem with the patio prior to completion of the project, and that he agreed to try to level it out.
 {¶ 9} Ms. Ross testified that she called Mr. Sheeler halfway through the installation process to express her dissatisfaction with the work and "that it would be probably better for both of us just to stop the work now and cut losses." Ms. Ross testified that rather than stop work, Mr. Sheeler agreed to complete the job to Mr. Grace's and her satisfaction. Ms. Ross further testified that, upon completion of the project, there were numerous problems with the re-surfacing, including: the acrylic sealer coming off in places, the color coating coming off in places, large cracks, trowel marks in the floor, staining (even though it was supposed to be stain resistant), lumps, and unevenness. Ms. Ross also testified that the only way to fix the problems was to redo the entire job. On cross-examination, Ms. Ross testified that subsequent to TCS working on the patio, work was done to enclose the patio area.
 {¶ 10} There was conflicting evidence as to whether or not the job was completed according to the contract; however, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 11} TCS also asserts in its brief that, even if the work was not done according to the contract, TCS should be awarded the reasonable value of the work performed. In support of its argument, TCS cites toMurray v. Marbro Builders, Inc. (1977), 53 Ohio App.2d 1, 3, which states that when the defaulting party's work has contributed substantial value to the other party's property, the breaching party should be able to "recover the value of work and materials on a quantum meruit basis, the recovery being diminished, however, to the extent of such damage as the [defaulting party's] breach causes the other party." The trial court found that TCS's work did not contribute value to Mr. Grace's property because the re-surfacing work would have to be completely re-done to correct the problems.
 {¶ 12} Upon review of the facts in this case, we cannot conclude that the trial court lost its way and committed a manifest miscarriage of justice in rendering judgment in favor of Mr. Grace. Otten,33 Ohio App.3d at 340. Therefore, we conclude that the judgment of the trial court was not against the manifest weight of the evidence. TCS's assignments of error are overruled.
 {¶ 13} TCS's assignments of error are overruled and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. and BAIRD, J. concur.